## PEOPLE v. KRONK.

1. WITNESSES—CHARACTER—EVIDENCE.

Proof of general reputation for truth and veracity of witnesses is not confined to the community where they are actually domiciled to the exclusion of the locality in which they continously do business.

2. SAME—NATURE OF CHARACTER TESTIMONY.

Character, in the sense in which the term is used in jurisprudence, means the estimate attached to the individual by the community, not the real qualities of the individual, as conceived by the witness.

3. SAME—GENERAL REPUTATION.

A witness called to speak as to character cannot give the results of his own personal experience and observation, or express his own opinion, but he is confined to evidence of general reputation in the community where the defendant resides or does business.

4. CRIMINAL LAW—CONSPIRACY—TESTIMONY AS TO ESTABLISHED REPUTATION OF LEGISLATOR AT CAPITOL.

In prosecution of legislator for conspiracy to corrupt the legislature by bribery, it was reversible error to exclude testimony of his established reputation at capitol city for honesty and adherence to the law.

Appeal from Ingham; Simpson (John), J., presiding. Submitted May 19, 1949. (Docket No. 68, Calendar No. 42,922.) Decided January 12, 1950.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 20 Am Jur, Evidence, §§ 326, 330.
[1, 4] Evidence of character or reputation as embracing character or reputation as exhibited in place where one works or carries on his profession or business as distinguished from the general community or the particular community in which he lives. 112 ALR 1020.

Martin A. Kronk and others were convicted of a conspiracy to corrupt the legislature of the State of Michigan by bribery.    Reversed and new trial granted.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Richard B. Foster,* Special Assistant Prosecuting Attorney, for the people.

*Frank G. Schemanske,* for appellant Kronk.

Reid, J.   Defendant Kronk was informed against, tried, convicted and sentenced for conspiracy to corrupt the 1939 Michigan State legislature and members thereof by the giving and receiving of bribes. The most important facts in this case are recited in *People* v. *Hancock, ante,* 471, *People* v. *Omacht, ante,* 505, *People* v. *Cooper, ante,* 514, and cases of other codefendants decided by this Court on January 9, 1950, referring to the same trial in which defendant Kronk was tried with several other defendants, and such facts need not be herein again repeated because certain claimed grounds of error relied upon by defendant Kronk have been disposed of by this Court.

Defendant Kronk, however, asserts a ground for his claim of error peculiar to his case alone.   This error is based upon the fact that the trial judge ruled out defendant Kronk's offered testimony as to his reputation in the city of Lansing.

Defendant Kronk testified on his own behalf as a witness and denied the charge against him.   He showed that his residence was in the city of Detroit and also showed that he attended the session of 1937 as well as of 1939 in Lansing and that in 1937 he lived in the Ross apartments in Lansing.

Witness Bernice Thomas Knaggs produced by defendant Kronk, testified that she served as committee clerk and as secretary to the speaker of the house of representatives, and that she was secretary of the ways and means committee in 1939; that defendant Kronk was the only minority member of the ways and means committee and that he attended practically every meeting of that committee.

John P. Espie, a member of the legislature, corroborated the testimony given by Mrs. Knaggs as to the activities of defendant Kronk on committee work in Lansing during the session of the legislature in 1939.

During examination of Mrs. Knaggs, the following occurred:

"*Q.* From the time you have known Martin Kronk in the legislature you have known people who knew Martin Kronk?

"*A.* I have.

"*Q.* Are you in a position to testify to his character as to being a peaceful and law-abiding citizen?

"*A.* I am.

"*Mr. Sigler* [special assistant prosecuting attorney]: Just a moment.

"*The Court:* I understand you have to confine that to the community in which he resides.

"*Mr. Schemanske* (attorney for defendant Kronk): Martin Kronk has two communities, one here and one there.

"*The Court:* That is where you and I disagree, where he resides. It is claimed that is the city of Detroit, and confine it there."

In *Hubert* v. *Joslin,* 285 Mich 337, 348, we say:

"Under modern conditions, many people continuously transact business in a city although they may live outside. There is no rule of law that confines the proof of their general reputation for truth and veracity to the community where they are actually

domiciled to the exclusion of the locality in which they continuously do business."

To like effect see *People* v. *Nemer,* 218 Mich 163 at page 167, where we quote from 1 Wharton's Criminal Evidence (10th ed), § 58:

" 'Character, in the sense in which the term is used in jurisprudence, means the estimate attached to the individual by the community, not the real qualities of the individual, as conceived by the witness. It is not what the individual really is, but what he is reputed to be, generally, by the society and the community in which he moves and resides. So, a witness called to speak as to character cannot give the results of his own personal experience and observation, or express his own opinion, but he is confined to evidence of general reputation in the community where the defendant resides *or does business.*' " (Italics supplied.)

5 Wigmore on Evidence (3d ed), § 1616, p 488, states a similar rule.

Defendant Kronk's established reputation in the city of Lansing for honesty and adherence to the law was material and the court applied too narrow a rule in excluding such testimony. The charge in this case involves moral turpitude and the defense of good character and good reputation is a very valuable defense. There are so many cases so holding that citations are unnecessary. Our attention is not directed to any case where a ruling excluding such testimony is held harmless. We consider such error in this case prejudicial.

The judgment appealed from is reversed and the case is remanded to the trial court with instructions to set aside the verdict and order a new trial.

BOYLES, C. J., and NORTH, BUSHNELL, and SHARPE, JJ., concurred.

DETHMERS, BUTZEL, and CARR, JJ., did not sit.