PEOPLE *v.* REDMOND

1. HOMICIDE—SELF-DEFENSE—EVIDENCE—REPUTATION OF DECEASED.
   Testimony concerning the deceased's reputation as a violent and
   assaultive person is admissible in a prosecution for his murder
   where defendant interposes the defense of self-defense; once
   such testimony is introduced, the prosecutor may rebut it.

2. HOMICIDE—SELF-DEFENSE—EVIDENCE—REPUTATION OF DECEASED.
   Refusal to strike personal opinion testimony introduced to rebut
   evidence presented by the defendant in a murder trial of the
   deceased's violent and assaultive character was harmless error
   even though the court had indicated that it would give an
   instruction to the jury on opinion testimony, but failed to do
   so, where the defendant neither requested an instruction nor
   objected to the instructions as given.

3. HOMICIDE—EVIDENCE—ATTORNEY'S TESTIMONY—EXCLUSION—IN-
   ABILITY TO CROSS-EXAMINE.
   Refusal to allow defendant's niece's testimony concerning meas-
   urements made of the distance a decedent was from the defend-
   ant's house at the time the defendant shot him was proper
   where the defendant's niece was assisted in making the meas-
   urements by defense counsel, because defense counsel was not
   subject to cross-examination.

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted Division 1 November
3, 1970, at Detroit. (Docket No. 7107.) Decided
January 25, 1971. Leave to appeal denied April 23,
1971, 384 Mich 835.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 301–309.
[2] 40 Am Jur 2d, Homicide §§ 397–408.
[3] 40 Am Jur 2d, Homicide § 539.

Adam Wesley Redmond, Jr., was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Thomas P. Smith*, Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (State Appellate Defender), for defendant on appeal.

Before: McGregor, P. J., and Holbrook and O'Hara,* JJ.

Per Curiam. Defendant was charged with first-degree murder[1] and found guilty of second-degree murder[2] by a recorder's court jury. The murder grew out of a neighborhood squabble over children, which degenerated into a street fight. Defendant based his defense on the theory that the deceased had a reputation in the community for being a violent man and that it was necessary to shoot him to prevent further serious harm to his family. Defendant testified that the deceased's brother hit the defendant in the head, that he (the defendant) stumbled into the house, got his shotgun and came back out, and that he (the defendant) fired into the air, not aiming at anyone; but the undisputed fact is that Leon Felton was fatally shot in the back while fleeing down the street.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
[2] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

During the defense's case, testimony was received indicating that the deceased had a reputation in the community for a violent and assaultive nature. The admissibility of such testimony is clearly recognized in Michigan and the majority of other jurisdictions. *People* v. *Stallworth* (1961), 364 Mich 528. After defendant had rested his case, the prosecution, by way of further testimony, attempted to refute this defense. The defendant objected to the prosecution's testimony, alleging that it constituted personal opinions of the deceased. *People* v. *Kronk* (1950), 326 Mich 744. After objection, the evidence was corrected to reputation evidence. *Stallworth, supra.*

After defendant's objection to this testimony, the judge indicated that he would give an instruction regarding the opinion testimony, but none was given. Defense counsel did not request an instruction, nor did he object to the instructions as given. Defendant now contends that it was reversible error for the trial judge to refuse to strike this testimony. Our examination of the record indicates that the error committed was harmless. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Defendant's niece testified that she had made some measurements at the scene of the crime, particularly the distance decedent was from the house when he was shot. On further questioning, it was learned that defense counsel had held one end of the tape measure. The prosecution objected to this and any further testimony regarding the measurements, inasmuch as the defense attorney was not subject to cross-examination; the judge sustained the objection. We are not convinced that error was committed in sustaining the objection. Furthermore, although no exact measurements were given as to the actual distance, the theory that these measure-

ments might have corroborated the defendant's case was otherwise amply presented. This appears to have been a tactical error on counsel's part in conducting the defense. The testimony was properly refused; there was no miscarriage of justice.

Affirmed.